SCHOTT, Judge,
dissenting:
In Keelen v. State, Dept of Culture, Recreation, 463 So.2d 1287 (La.1985) the trial court held that the statute’s language is suggestive of open and undeveloped expanses of property; the type of recreational activities covered by the statute requires large tracts or areas of natural and undeveloped lands; and the policy behind the statute is to encourage landowners to keep their property in a natural, open, and environmentally wholesome state.
The property under consideration is enclosed by a fence and contains a number of buildings. It fronts on an improved road. Taken as a whole it does not seem to meet the above standards for the application of the statute. It is not in a natural, undeveloped state. While it may be that the portion of the property where the pond is located has the appearance of being undeveloped, natural, or park-like, the nature of the property as a whole would seem to control and not the spot on the property where the accident occurred.
In Keelen the court also held that the recreation statute must be strictly construed because it is in derogation of a common right. This bolsters my opinion that the statute cannot be extended to the property in question.
My concerns also lead me to question the appropriateness of a summary judgment. Keelen suggests that a court should make a complete study and analysis of the property before concluding that the statute applies. Only a complete trial on the merits would enable the trial court to make such a study. The facts and inferences emerging from the depositions are such that every reasonable doubt about the application of the statute has not been resolved. I also have reservations about the propriety of the summary judgment in resolving the issue of attractive nuisance.